

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00045-CR
_____

MICHAEL LASHUN BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CR19-00278

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

A Cooke County[1] jury convicted Michael Lashun Brown of aggravated sexual assault of a child and assessed a sentence of life imprisonment. In his sole point of error on appeal, Brown argues that the trial court erred twice by failing to grant a mistrial after sustaining his objections to testimony by Jane,[2] the victim, and by Julie Galloway, a forensic interviewer, hinting at extraneous offenses.[3] We conclude that the trial court did not abuse its discretion by finding that a mistrial was unwarranted after its prompt instructions to disregard both instances of testimony alluding to extraneous offenses. As a result, we affirm the trial court's judgment.

Jane's testimony alluding to extraneous offenses came after Jane's testimony that, while her mother was at work, Brown made her smoke crack and sexually abused her every day for approximately two and a half years when she was between the ages of seven and ten. When the State asked her if Brown said anything to her "about people that knew about [the abuse]," Jane testified that Brown "told [her] that a couple of other people knew, and not to worry, he was doing it to them, too." On hearing this, Brown immediately objected that Jane's statement improperly revealed an extraneous offense. The State responded, "That was not what I was expecting her to say. I agree. I mean, I think they should disregard that, Your Honor." In the jury's presence, the trial court sustained Brown's objection and instructed the jury "to disregard

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Second Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]We use a pseudonym to protect the victim's identity. *See* TEX. R. APP. P. 9.10.

[3]In companion cases numbered 06-21-00046-CR and 06-21-00047-CR, Brown appeals two other convictions for aggravated sexual assault of a child. We dispose of those cases in separate opinions.

that last statement by the witness." Brown moved for a mistrial, which the trial court denied. The State then clarified the question by asking Jane if Brown told her that her mother knew about the abuse, and Jane said, "He told me that my mom knew what was going on."

Galloway testified after Jane. Galloway's complained-of testimony came after her narrative during which she recounted Jane's statements to her that Brown sexually abused her every day while she lived with him and that Brown had threatened to kill her if she told anyone. According to Galloway, Jane said "[Brown] had . . . stuck his private in her mouth," had "st[u]ck his private in her privates," and had made her bleed. When Galloway volunteered that "[Jane] told [her] . . . he had also done it to her friend," the trial court sustained Brown's objection. Brown asked for and received an instruction to the jury to disregard the offending statement, but his motion for a mistrial was denied.

"A mistrial is appropriate only when the record reveals highly prejudicial and incurable error." *McBurnett v. State*, 629 S.W.3d 660, 662 (Tex. App.—Fort Worth 2021, pet. ref'd) (quoting *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003)). "Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer." *Id.* (quoting *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000)). Declaring a mistrial is essential "only when an improper question or answer is 'clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors.'" *Id.* (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000) (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999))).

3

"We review the denial of a motion for mistrial for abuse of discretion, viewing the evidence in the light most favorable to the trial court's ruling and considering only the arguments before the court at the time of its ruling." *Id.* at 663 (citing *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009)). "We must uphold the trial court's ruling if it is within the zone of reasonable disagreement." *Id.* (citing *Ocon*, 284 S.W.3d at 884).

Brown argues that the trial court should have granted his motions for mistrial. Because our review of the relevant factors leads us to believe that this case did not present an "extreme circumstance[] . . . where the prejudice [was] incurable," we disagree. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

The State argues that Brown forfeited this point of error by later offering the same information in a recorded statement of Jane's forensic interview. We disagree. The admission of the recorded statement occurred after both of Brown's motions for mistrial had been overruled. During cross-examination of Galloway—which was after Jane's testimony, after the trial court had overruled Brown's motion for mistrial during Jane's testimony, and after rejection of the motion for mistrial during Galloway's testimony—Brown offered the recording of Jane's forensic interview "[f]or purposes of optional completeness . . . up to the point where [Jane] talks about supposedly him assaulting another girl," but later decided to "just offer the whole thing." As a result, the entire interview was admitted for the jury. Because, when addressing the denial of motions for mistrial, we "consider[] only the arguments before the court at the time of its ruling"—and consider the validity of the trial court's ruling as of the time it was decided—we

4

conclude that Galloway did not forfeit his point of error by later offering the interview into evidence. *See McBurnett*, 629 S.W.3d at 663.

In evaluating whether a mistrial was necessary, we should consider "(1) the severity of the misconduct, (2) measures adopted to cure the misconduct, and (3) certainty of conviction absent the misconduct." *Gomez v. State*, 552 S.W.3d 422, 428 (Tex. App.—Fort Worth 2018, no pet.) (citing *Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007) (citing *Ramon v. State*, 159 S.W.3d 927, 929 (Tex. Crim. App. 2004))).

As for the first factor involving the severity of the misconduct, the State asked whether Brown told Jane that her mother knew about the abuse, presumably to provide a reason for a delayed outcry. When Jane responded, "that a couple of other people knew, and [that] . . . he was doing it to them, too," the State was surprised by that statement. Galloway's statement was volunteered at the end of a lengthy narrative describing statements Jane made about Brown's abuse. Because the State did not question Jane or Galloway expressly about any potential extraneous offense or pose questions in a way calculated to elicit such testimony, there was no misconduct by the State.

As for the second factor addressing the measures adopted to cure the misconduct, the trial court promptly sustained Brown's objections in the jury's presence. "[T]he trial judge's prompt sustaining of counsel's objection conveyed the appropriate message that the witness's comment . . . was not to be considered." *See Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998). The trial court also instructed the jury to disregard Jane and Galloway's allusions to extraneous

5

offenses. In such a circumstance, we ordinarily "presume that the jury followed the trial court's instruction." *Wells v. State*, 558 S.W.3d 661, 670 (Tex. App.—Fort Worth 2017, pet. ref'd).

For example, in *Phillips v. State*, the Fourteenth Court of Appeals in Houston found that a trial court's instruction to disregard the testimony of a child victim was sufficient to remove prejudice from her allusion to an extraneous offense when she testified that she "finally told [her] mother after [her] sister confessed of something." *Phillips v. State*, 130 S.W.3d 343, 348 (Tex. App.—Houston [14th Dist.] 2004), *aff'd*, 193 S.W.3d 904 (Tex. Crim. App. 2006). Finding the child victim's remark "inadvertent and isolated," the Fourteenth Court of Appeals concluded that the comment was not "so emotionally inflammatory" that it could not be cured by the trial court's instruction. *Id.* Similarly, the utterances from Jane and Galloway were brief, unsolicited, and unspecific. Also, Jane's testimony that Brown said others knew about the abuse and that he "was doing it to them" did not prove that an extraneous offense had occurred but suggested that Brown made the statement to discourage Jane from coming forward. In this case, "given the vague nature of the comment[s]," we find no abuse of discretion in the trial court's conclusion that sustaining Brown's objections in front of the jury and providing a prompt instruction to disregard were proper curative measures. *Id.*; *see McBurnett*, 629 S.W.3d at 662; *see also Rojas*, 986 S.W.2d at 250.

As for the third factor, the likelihood of conviction absent the offending testimony favors the trial court's decision to deny a mistrial. "It is well established that the uncorroborated testimony of a child victim alone can be sufficient to support a conviction of aggravated sexual assault of a child." *Perez v. State*, 562 S.W.3d 676, 689 (Tex. App.—Fort Worth 2018, pet.

6

ref'd). Here, Jane's testimony, which was corroborated by her grandmother[4] and Galloway, was sufficient for the trial court to have found that a conviction was certain even without the allusions to extraneous offenses.

After reviewing the relevant factors, we find that the trial court did not abuse its discretion by denying Brown's motions for mistrial. As a result, we overrule this point of error and affirm the trial court's judgment.

                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:     February 2, 2022
Date Decided:       March 15, 2022

Do Not Publish

---

[4]Jane made an outcry after she moved in with her grandmother. Jane's grandmother testified about Jane's outcry of sexual abuse by Brown.